**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**RHONDA JEAN MERCHANT**                                                                                         **PLAINTIFF**

   v.                          Civil No. 09-4136

**MILLER COUNTY, ARKANSAS, et al.**                                                                   **DEFENDANTS**

### O R D E R

Now on this 20th day of July 2010, comes on for consideration Defendants' **MOTION TO DISMISS** and brief in support (documents #11 & #12), and Plaintiff's brief in opposition (document #16). The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

1. Plaintiff claims to be the sole heir-at-law of Ronald Dean Merchant ("Merchant"). Plaintiff filed this action seeking to recover property that was taken from Merchant. Specifically, Plaintiff makes the following allegations:

   *   On July 13, 2004, officers of the Miller County Sheriff's Department executed a search warrant at Merchant's business and seized certain property belonging to Merchant, including machinery and cash, which Plaintiff says had a total value of approximately $36,000.

   *   On July 21, 2004, Merchant, who is now deceased, was arrested by officers of the Miller County Sheriff's Department. He was never prosecuted and the charges against him were ultimately dismissed.

    *    At some point, Merchant died.  On January 1, 2008, Plaintiff contacted the Miller County Sheriff's Department seeking the return of the seized property.  Plaintiff has since "learned" that the property has been "lost."

    *    On May 5, 2008, the Prosecuting Attorney informed Plaintiff in writing that he encouraged the Miller County Quorum Court to pay Plaintiff the fair value of the property, but she has not yet been paid.

    2.   Plaintiff filed this lawsuit on December 31, 2009.  Plaintiff asserts two claims: under 42 U.S.C. § 1983 for willful deprivation of property without due process of law and a state law claim for wilful and/or negligent breach of bailment.

    3.   Defendants filed the present motion to dismiss seeking dismissal on the grounds that Plaintiff's § 1983 claim is barred by the statute of limitations and she has an adequate remedy at law that she can assert in state courts.

    4.   With respect to Defendants' statute of limitations defense, the parties agree that the limitations period in an action under 42 U.S.C. § 1983 in Arkansas is three years.  *See Morton v. City of Little Rock,* 934 F.2d 180, 182-83 (8th Cir. 1991).  Plaintiff asserts, however, that her cause of action did not accrue until May 5, 2008, when the Prosecuting Attorney informed her that he had encouraged a settlement, but no offer or payment was made at that time.  The Court disagrees.

(a) "A limitations period accrues when a claimant knows, or should have known through an exercise of reasonable diligence, of the acts constituting the alleged violation." *Alcorn v. Burlington N.R. Co.*, 878 F.2d 1105, 1108 (8th Cir. 1989); *see also Osborn v. United States*, 918 F.2d 724, 731-32 (8th Cir. 1990).

(b) Plaintiff filed his complaint on December 31, 2009. Thus, Plaintiff's claim is timely filed only if she can show that neither she nor Merchant knew, or should have known through an exercise of reasonable diligence, of the acts constituting the alleged violation until after December 31, 2006.

(c) The property in this case was seized by search warrant on July 13, 2004. Merchant was arrested approximately one week later. The criminal case against Merchant was dismissed without prejudice on September 8, 2005. Thus, Merchant knew or should have known by September 8, 2005, of the acts constituting the alleged violation under § 1983. Merchant never took any action to recover his property -- or at least there is no allegation that he did -- and Plaintiff waited until December 31, 2009, to file this lawsuit. Plaintiff's § 1983 claim is clearly barred by the statute of limitations and, thus, such claim should be dismissed.

5. Plaintiff's claim under 42 U.S.C. § 1983 was the only claim that provided the Court with original jurisdiction in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c).

For the foregoing reasons, the Court finds that Defendants' **MOTION TO DISMISS** (document #11) should be and hereby is granted. Plaintiff's claim against Defendants under 42. U.S.C § 1983 is hereby dismissed with prejudice as barred by the statute of limitations.  Plaintiff's remaining state law bailment claim is dismissed without prejudice.  This case is hereby dismissed.

**IT IS SO ORDERED.**

              **/s/JIMM LARRY HENDREN**
              **JIMM LARRY HENDREN**
              **UNITED STATES DISTRICT JUDGE**